UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GAIL LOGAN,                                No. 2:09-cv-01632-MCE-GGH

       Plaintiff,

   v.                                       MEMORANDUM AND ORDER

RESMAE MORTGAGE CORPORATION;
QUALITY LOAN SERVICE CORP.;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
MSB FINANCIAL GROUP; MATTHEW
S. BROWN,

       Defendants.

----oo0oo----

Presently before the Court is a Motion by Defendant ResMae Mortgage Corp. ("Defendant") to expunge the Notice of Action Pending ("Lis Pendens") recorded by Plaintiff Gail Logan ("Plaintiff") against the residence at 1313 Grendel, Sacramento, CA 95833.[1]  For the reasons set forth below, Defendant's Motion is granted.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(h).

1

**BACKGROUND**[2]

Plaintiff entered into a mortgage loan with Defendant on February 8, 2007.  Defendant was identified as the lender and First American Title was identified as the trustee.  The Deed of Trust identified Mortgage Electronic Registration Systems, Inc. as nominee for the Lender.  Plaintiff alleges that she entered into the loan after Matthew Brown, the loan officer for MSB Financial Group, made several promises regarding the affordability of the loan.  The Plaintiff claims Brown promised her the "best deal and best interest rates," and if the loan ever became unaffordable "he would simply refinance it."

Plaintiff claims that Brown then fraudulently inflated her income on the loan application.  She claims that she was looking for a fixed rate loan with low interest and instead received an adjustable rate loan.  She also alleges that she was not given any of the loan documents prior to signing and was only given a few minutes to sign.

Plaintiff eventually failed to make payments, and January 23, 2009 a Notice of Default was filed.  On March 31, 2009, Plaintiff mailed to Defendant a Qualified Written Request for information ("QWR"), pursuant to the Real Estate Settlement Procedures Act ("RESPA").  Plaintiff alleges that Defendant never properly responded to her QWR.

///

---

[2] The factual allegations set forth in this section are derived from Plaintiff's First Amended Complaint unless otherwise noted.

2

Plaintiff subsequently initiated the present lawsuit against Defendant and others on June 18, 2009 for: (1) violation of the Truth in Lending Act ("TILA") (2) violation of the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), (3) Negligence, (4) Violation of RESPA, (5) Breach of Fiduciary Duty (6) Fraud, (7) Violation of California Business and Professions Code § 17200 et seq. ("UCL"), (8) Breach of Contract, (9) Breach of Implied Covenant of Good Faith and Fair Dealing, and (10) Wrongful Foreclosure.

**STANDARD**

"A lis pendens is recorded by someone asserting a real property claim, to give notice that a lawsuit has been filed which may, if that person prevails, affect title to possession of the real property described in the notice." Federal Deposit Ins. Corp. v. Charlton, 17 Cal. App. 4th 1066, 1069 (1993) (citing Cal. Code Civ. Pro. §§ 405.2, 405.4, 405.20). A lis pendens, once filed prevents that property's transfer until the lis pendens is expunged or the litigation is resolved. BGJ Assoc., LLC v. Superior Court of Los Angeles, 75 Cal. App. 4th 952, 966-67 (1999). The lis pendens is expunged if the pleading on which the lis pendens is based does not contain a real property claim or the evidence fails to establish the probable validity of the real property claims. Orange County v. Hongkong and Shanghai Banking Corp. Ltd., 52 F.3d 821, 823-24 (9th Cir. 1995).

///
///

To constitute a "real property claim" the cause of action, if meritorious, must affect the right of possession of specific real property or affect the title to the specific real property. Cal. Civ. Pro. § 405.4. The "probable validity" standard means "it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." Id. at § 405.3.

## ANALYSIS

Initially, Plaintiff and Defendant agree that the Second (RFDCPA), Third (Negligence), and Seventh (UCL) Causes of Action are not "real property claims" that affect the right of possession or title to specific real property. Therefore their arguments focus on Plaintiff's seven remaining causes of action.

However, Plaintiff's claims for damages under TILA and damages under RESPA are purely monetary and also do not affect right to possession or title of real property. Neither does Plaintiff's tort claim for breach of fiduciary duty. As such, in evaluating Defendant's Motion to Expunge the Lis Pendens, the Court need only analyze Plaintiff's claims for rescission under TILA, fraud (as it is an action that may lie in either tort or contract), breach of contract, breach of implied covenant of good faith and fair dealing, and wrongful foreclosure. These are claims touching on the contract Plaintiff entered into with Defendant, and therefore their validity may affect the right of possession or title to the property.

///
///

**A.   Rescission Under The Truth In Lending Act "TILA"**

Plaintiff is seeking to rescind her loan due to Defendant's failure to provide statutorily required disclosures under TILA. TILA sets forth several disclosure requirements, including a notice of the right to rescind, and grants consumers a three-day right to cancel residential loan mortgages. Pursuant to 15 U.S.C. § 1635(f) if the required notice is not provided to the consumer, then the right to cancel extends three years after the date of the loan. Plaintiff completed her loan on February 8, 2007, therefore as a result of Defendant's alleged failure to provide disclosures, she purportedly has until February 8, 2010 to rescind her loan.

Defendant argues that Plaintiff's rescission claim is not valid because Plaintiff has not pled that she could tender the payment due. Plaintiff argues that tender is not a requirement at the pleading stage and she may at some future time be able to tender.

The Ninth Circuit has not provided a clear rule on the tender requirement. The purpose of rescission under TILA is to return both parties to the *status quo ante*. Yamamoto v. Bank of New York, 329 F.3d 1167, 1172 (9th Cir. 2003). The exact wording of the statute addresses the borrower's "return of money or property *following* rescission", 15 U.S.C. § 1635(b) (emphasis added), however the Ninth Circuit has held that the district court has discretion to "modify the sequence of rescission events" and require the borrower to allege tender prior to rescission.

5

Yamamoto, 329 F.3d at 1170 (relying on a 1980 TILA amendment that allows courts to modify TILA procedures).  In Yamamoto, the Ninth Circuit reasoned that it was fruitless to require parties to go through the rescission process if the borrower would not be able to fulfill her requirements at the end.  See Yamamoto, 329 F.3d at 1171-73.

Thus "a court may impose conditions on rescission that assure the borrower meets her obligations once the creditor has performed its obligations." Yamamoto, 329 F.3d at 1173; see also LaGrone v. Johnson, 534 F.2d 1360, 1362 (9th Cir. 1974) (holding that loan rescission should be conditioned on the borrower's tender of advanced funds given the lender's non-egregious TILA violations and equities heavily favoring the lender).  Following suit with the Circuit's reasoning, courts have required tender as a necessary element to proceeding with a TILA claim.  See, Garza v. American Home Mortg., 2009 WL 188604, at *4 (E.D. Cal. January 27, 2009) (dismissing plaintiff's TILA claim for failure to allege tender in the complaint); Guerrero v. City Residential, 2009 WL 926973, at *8 (E.D. Cal. April 3, 2009) (dismissing plaintiff's TILA claim where the complaint acknowledged plaintiff's inability to tender); Edelman v. Bank of America, 2009 WL 1285858, at *2 (C.D. Cal. April 17, 2009) (dismissing plaintiff's TILA claim on grounds that plaintiff's offer to pay back the loan in monthly installments on more favorable terms was insufficient tender for purposes of rescission.)

Here, Plaintiff has failed to allege any offer of tender at any stage of the proceedings.  Rescission is an empty remedy without Plaintiff's ability to pay back what she has received.

6

Garza, 2009 WL 188604, at *4.  Since Plaintiff has not pled that she has the ability to tender, she not only fails to state a claim for rescission under TILA, but she falls short of the "probably valid" standard necessary to defeat a motion to expunge a lis pendens.

**B.   Fraud**

Defendant next asserts that Plaintiff's fraud claim is not probably valid because it lacks specificity in the pleading.  A claim for fraud requires a heightened pleading standard in which the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Statements of the time, place and nature of the alleged fraudulent activities are sufficient, id. at 735, provided the plaintiff sets forth "what is false or misleading about a statement and why it is false."  In re GlenFed, Inc., Securities Litigation, 42 F.3d 1541, 1548 (9th Cir. 1994).  In California the required elements of fraud are "a) misrepresentation; b) knowledge of falsity; c) intent to defraud, i.e., to induce reliance; d) justifiable reliance; and e) resulting damage."  In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008) (citation omitted).
///
///

7

1   Alleging fraud, Plaintiff claims that Defendant "conspire[d]
2  with others to utilize the non-judicial foreclosure structure of
3  California to unlawfully take Plaintiff's Property". Plaintiff
4  further alleges that Defendant could not substitute MERS as a
5  trustee. Even taken as true, it is unclear how Plaintiff is
6  claiming that these acts are misrepresentations amounting to a
7  viable fraud claim against Defendant. At minimum, Plaintiff has
8  failed to identify the time, place, and nature of the alleged
9  misrepresentations.
10   Plaintiff's fraud claim is unlikely to succeed because at
11 the outset it lacks specificity. Consequently, Plaintiff's fraud
12 claim has not met the probable validity standard necessary to
13 defeat a motion to expunge a lis pendens.
14
15   **C.   Breach of Contract**
16
17   Under California law, to state a claim for breach of
18 contract, the plaintiff must plead:  1) the existence of the
19 contract; 2) plaintiff's performance or excuse for nonperformance
20 of the contract; 3) defendant's breach of the contract; and
21 4) resulting damages. <u>Armstrong Petrol. Corp. V. Tri Valley Oil
22 & Gas Co.</u>, 116 Cal. App. 4th 1375, 1391 n. 6 (2004).
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

8

Plaintiff alleges that she entered into an agreement with Defendant and loan officer Brown in which they "promised to provide Plaintiff with an affordable loan." She further alleges that Defendant and Brown breached their agreement by failing to obtain payment and interest rates as promised, failing to refinance the mortgage as promised, failing to submit an accurate loan application, failing to supervise, failing to provide loan documents for Plaintiff's review prior to closing, and failing to explain the loan documents to Plaintiff.

Despite these many accusations, Plaintiff fails to allege where in her mortgage loan contract, or any contract, these terms were expressly memorialized. She states no facts indicating that Defendant even agreed to perform any of the aforementioned actions such as to warrant a breach on contract claim. To the extent that Defendant purportedly agreed to provide Plaintiff with an "affordable loan," such a promise is vague and therefore not sufficient to show the existence of a contract. See Beverage Distributors, Inc. v. Olympia Brewing Co., 440 F.2d 21, 30 (9th Cir. 1971).

To the extent that Plaintiff may have believed that the oral promises of loan officer Brown were incorporated into her contract with Defendant, she is mistaken by virtue of the parol evidence rule. The "parol evidence" rule generally prohibits the introduction of any extrinsic evidence, whether oral or written, to vary, alter or add to the terms of an integrated written instrument intended by the parties to be the final expression of their agreement.

///

1 Cal. Code Civ. Proc., § 1856(a); <u>Hayter Trucking, Inc. v. Shell
2 Western E&P, Inc.</u>, 18 Cal. App. 4th 1, 13 (Cal. Ct. App. 1993).
3 When Plaintiff entered into the written mortgage loan contract
4 with Defendant, as a matter of law the writing itself became the
5 final agreement.  <u>See</u> <u>id</u>. at 14.  She cannot now claim that
6 additional terms existed outside of the writing.

7     The terms Plaintiff complains of were not incorporated into
8 the contract and Plaintiff has not established that Defendant was
9 aware or agreed to these terms.  Plaintiff has therefore failed
10 to state of claim for breach of contract, causing her claim to
11 fall short of the "probably valid" standard necessary to defeat a
12 Motion to Expunge the Lis Pendens.

**D.   Implied Covenant of Good Faith and Fair Dealing**

    The implied covenant of good faith and fair dealing rests
upon the existence of some specific contractual obligation.
<u>Foley v. Interactive Data Corp.</u>, 7 Cal. 3d 654, 683-684, (1988).
The covenant is read into contracts in order to protect the
express covenants or promises of the contract, not to protect
some general public policy interest not directly tied to the
contract's purpose.  <u>Id</u>. at 690.  "In essence, the covenant is
implied as a supplement to the express contractual covenants, to
prevent a contracting party from engaging in conduct which
frustrates the other party's rights to the benefits of the
contract."  <u>Love v. Fire Ins. Exchange</u>, 221 Cal. App. 3d 1136,
1153 (1998).
///

10

Under California law, recovery for breach of the covenant "is available only in limited circumstances, generally involving a special relationship between the contracting parties." <u>Bionghi v. Metro. Water Dist.</u>, 70 Cal. App. 4th 1358, 1370 (1999). California courts have rejected the argument that the doctrine, which traditionally extends only to unique fiduciary like relationships, should encompass normal commercial banking transactions. <u>Mitsui Mfrs. Bank v. Superior Court</u>, 212 Cal. App. 3d 726, 729 (1989).

Here, Defendant acted simply as a mortgage lender. Nothing in Plaintiff's complaint indicates a "unique fiduciary relationship" between parties such that application of the doctrine is warranted. Instead, the alleged breach arises out of a normal commercial transaction, a mortgage loan, and the California courts have declined to extend the doctrine to such transactions.

Consequently, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is not "probably valid" and is therefore incapable of defeating Defendant's Motion to Expunge.

**E.  Wrongful Foreclosure**

Plaintiff claims that Defendant and others wrongfully foreclosed on her home because they are not in possession of the promissory note. Defendant argues that Plaintiff's claim for wrongful foreclosure is not valid because Plaintiff failed to offer tender.

11

1    Under California Law, possession of the original note is not
2 required to proceed with a non-judicial foreclosure.  See Cal.
3 Civ. Code § 2924(a); see also Putkkuri v. Recontrust Co., 2009 WL
4 32567, at *2 (S.D. Cal. Jan. 5, 2009); Pagtalunan v. Reunion
5 Mortgage Inc., 2009 WL 961995, at *2 (N.D. Cal. Apr.8, 2009).
6 Furthermore, it is well-settled that "[a] valid and viable tender
7 of payment of the indebtedness owing is essential to an action to
8 cancel a voidable sale under a deed of trust."  Karlsen v.
9 American Sav. & Loan Assn., 15 Cal. App. 3d 112, 117 (1971).
10    Plaintiff not only failed to plead tender but, despite
11 Plaintiff's claims, the actual note was not required for non-
12 judicial foreclosure.  Based on these facts, Plaintiff's claim for
13 wrongful foreclosure also falls short of the "probably valid"
14 standard.
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

12

**CONCLUSION**

A lis pendens is expunged if the pleading on which the lis pendens is based fails to establish the probable validity a real property claim.  For the reasons set forth above, Plaintiff has failed to establish such a claim.  Defendant's Motion to Expunge the Lis Pendens (Docket No. 23) is hereby GRANTED.  Said Lis Pendens shall be expunged not later that ten (10) days from the date this Order is electronically filed. Defendant's request for attorney's fees and costs is DENIED.

IT IS SO ORDERED.

Dated: December 23, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

13