UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GAIL LOGAN,

        Plaintiff,

   v.

RESMAE MORTGAGE CORP.; QUALITY LOAN SERVICE GROUP; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; MSB FINANCIAL GROUP; MATT S. BROWN; and DOES 1-20, inclusive,

        Defendants.

No. 2:09-cv-01632-MCE-GGH

MEMORANDUM AND ORDER

----oo0oo----

Presently before the Court is a Motion by Defendants ResMae Mortgage Corp. and Mortgage Electronic Registration Systems, Inc. ("Defendants") to dismiss the First Amended Complaint ("FAC") of Plaintiff Gail Logan ("Plaintiff") for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(h).

1

1     This dispute arises out of a mortgage loan transaction that
2 eventually led to the foreclosure of Plaintiff's home.  Plaintiff
3 alleges several causes action including: violation of the Truth
4 in Lending Act ("TILA"), violation of the California Rosenthal
5 Act, Negligence, violation of the Real Estate Settlement
6 Procedures Act ("RESPA"), Breach of Fiduciary Duty, Fraud,
7 violation of the California Business & Professions Code § 17200
8 et seq., Breach of Contract, Breach of Implied Covenant of Good
9 Faith and Fair Dealing, and Wrongful Foreclosure.
10     Plaintiff's only federal claims are the allegations of TILA
11 and RESPA violations.  In regard to these claims, Plaintiff has
12 filed a Statement of Non-Opposition and a Notice of Voluntary
13 Dismissal.  The Court notes that Plaintiff's voluntary dismissal
14 is legally insufficient to properly dispose of the claims.  ECASH
15 Technologies, Inc. v. Guagliardo, 35 F. App'x. 498, 499 (9th Cir.
16 2002) (The voluntary dismissal rule "only applies to dismissals
17 of all claims against a particular defendant, not to dismissals
18 of less than all claims against that defendant.")  Nonetheless,
19 Plaintiff has made clear that she intends to abandon these
20 claims, and the Court will regard them as discarded.
21     With only Plaintiff's state law claims remaining, this Court
22 ceases to have subject matter jurisdiction over the suit.  There
23 is no diversity jurisdiction,[2] and the Court declines to exercise
24 supplemental jurisdiction over the pendant state claims.
25 ///
26 ///
27
28     [2] See FAC ¶¶ 1-6.

2

1  The Supreme Court has held, "When the balance of factors
2  indicates that a case properly belongs in state court, as when
3  the federal law claims have dropped out of the lawsuit in its
4  early stages and only state law claims remain, the federal court
5  should decline the exercise of jurisdiction by dismissing the
6  case without prejudice." Carnegie-Mellon Univ. v. Cohill, 484
7  U.S. 343, 351 (1988).  In deference to the rules of comity, this
8  Court abstains from proceeding.
9       Thus, Plaintiff's First Amended Complaint is hereby
10 dismissed without prejudice for lack of subject matter
11 jurisdiction.  Defendants' Motion to dismiss Plaintiff's
12 Complaint (Docket No. 25) pursuant to Federal Rule of Civil
13 Procedure 12(b)(6) is DENIED as moot.  The Clerk is directed to
14 close the case.
15      IT IS SO ORDERED.
16
 Dated: December 23, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3